FILED
2021 Jan-12  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **WILLIAM GILMORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.:** |
| | ) |
| **RAJSAMBHAV HOTEL, LLC.** | ) |
| **D/B/A RAM HOTELS** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND JURY DEMAND

This is a proceeding for reinstatement and damages to redress the deprivation of rights secured to the Plaintiff by Section 7(b), 29 U.S.C. Section 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et seq. ("ADEA"), which incorporates by reference Section 16(b), 29 U..S.C. Section 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201 et seq., and Title I of the Americans with Disability Act, 42 U.S.C. Section 12101, et seq.

### JURISDICTION

1.      The jurisdiction of the Court over this controversy is based upon Section 7(b) of the ADEA, 29 U.S.C. Section 626(b), and 28 U.S.C. Section 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 *et seq.* and the Americans with Disability Act, 42 U.S.C. Section 12101, *et seq.*

2.      Jurisdiction to grant injunctive and declaratory equitable relief as well as damages

1

is invoked pursuant to 42 U.S.C. Section 12101, et seq.

## VENUE

3.      Venue is proper in the Northern District of Alabama since Defendant conducted

business within this District and Division and this is where acts of discrimination occurred.

## PARTIES

4.      William Gilmore, (hereinafter Plaintiff), who is over the age of 70, is a resident

citizen of Birmingham, Jefferson County, Alabama.  At all times relevant hereto, Plaintiff was

employed by, or seeking employment with Defendant.

5.      Rajsambhav Hotel, LLC d/b/a RAM Hotels (hereinafter Defendant) is a

corporation organized and existing in Birmingham, Jefferson County, Alabama. At all times

relevant hereto, Defendant conducted business in the Northern District of Alabama.

6.      Defendant is engaged in industry affecting commerce, as defined in Section 11(h)

of the ADEA, 29 U.S.C. Section 630(h).  Defendant has employed 20 or more employees for

each working day in each of the twenty or more calendar weeks in the current proceeding

calendar year and is an "employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C.

Section 630(b) and/or 42 U.S.C. § 12111(5) and 42 U.S.C. § 12131(1).

## EXHAUSTION OF REMEDIES

7.      Prior to filing this civil action, Plaintiff timely filed a written Charge of

Discrimination asserting discrimination with the Equal Employment Opportunity Commission

(EEOC).

8.      On October 14, 2020, the EEOC issued a right to sue letter.

9.      Plaintiff has exhausted and satisfied all administrative remedies and pre-requisites

to filing this action.

## STATEMENT OF FACTS

10.     Gilmore was hired by Hilton Garden Inn in Birmingham, Alabama, on or about July, 2018, as a Houseman performing housekeeping and maintenance. Gilmore continued in said classification and position until his termination on November 25, 2019.

11.     At all times relevant to this charge Gilmore satisfactorily performed his duties.

12.     Plaintiff is a qualified individual with a disability under the Americans with Disability Act (ADA) in that he can perform the essential functions of his assigned position of Maintenance/Housekeeping either with or without accommodation.

13.     Gilmore had never been advised by Defendant that his work performance was deficient and/or reprimanded during the course of his employment.

14.      Plaintiff has a medical condition and impairment that substantially limited major life activities.  Despite his disability, Plaintiff satisfactorily performed the essential functions of the position of Maintenance/House Keeping either with or without restrictions.

15.     Gilmore was a qualified individual with a disability under the Americans with Disability Act (ADA) in that he could perform the essential functions of the position of Maintenance/Housekeeping either with or without accommodation.

16.     On or about October 2019, Plaintiff requested and was granted medical leave due to a serious medical condition.

17.     Hilton Garden Inn was informed of Plaintiff's medical condition and leave which was approved.

18.     Plaintiff communicated with Hilton Garden Inn and its managers throughout his

medical leave including providing to managers information regarding his prognosis and expected return date.

19.     On or about November, 2019, Defendant purchased the Hilton Garden Inn from Interstate Management Company, LLC (hereinafter Interstate Hotels), and assumed the management of Hilton Garden Inn.

20.     Interstate Hotels provided Defendant a complete list of active employees at the Hilton Garden Inn who were, pursuant to the transfer agreement, to transfer to Defendant as active employees on the date of the sale and/or transfer.

21.     Plaintiff's name was included on the list provided to RAM by Interstate Hotel as an active maintenance/housekeeping employee at the Hilton Garden Inn and became an employee of Defendant on the date of transfer/sale.

22.     Defendant was informed and aware Plaintiff was on a medical leave of absence at the time of the transfer/sale.

23.     On or about November 5, 2019, Plaintiff was contacted by Tiara Gentry at Interstate Hotels and informed that his employment with Interstate Hotel had terminated due to the transfer and sale of the property to Hilton Garden Inn.  Gentry informed Plaintiff that his employment would officially transferred to RAM on the effective date of the sale.

24.     November 7, 2019, Plaintiff received correspondence from Hilton Garden Inn about filling out and returning a "New Hire Packet".

25.     On or about November 7, 2019, Plaintiff filled out and returned to Hilton Garden Inn all documentation requested to finalize the hiring process.

26.     All throughout Plaintiff's medical release, including leave after November 7,

2019, Plaintiff talked with his co-employees and supervisors, including his direct supervisor, to insure that they were informed regarding his medical leave and status.

27.     November 22, 2019, Plaintiff met with Karen Jacob (hereinafter Jacob), General Manager at RAM, about returning to work at the Hilton Hotel under RAM Management. Jacob acknowledged Plaintiff's status as an active employee and instructed Plaintiff to provide her with a medical release due to his medical leave status. Jacobs told Plaintiff, "You can go back to work" once the medical release was received.

28.     During Plaintiff's conversation with Jacob, General Manager, Plaintiff disclosed his medical condition, diagnosis, and status to Jacob including the fact that he had been hospitalized due to his medical condition. Plaintiff advised Jacob that because he had been hospitalized, the medical release to return to work may take longer to acquire.

29.     December 3, 2019, Plaintiff went to the Hilton Garden Inn and attempted to provide Jacob with his medical release to return to work from his treating physician.

30.     Jacob refused to accept Plaintiff's medical release stating, "I don't have a place for you."  Plaintiff inquired about her earlier representations in November acknowledging his active employment status, and, again, attempted to provide Jacob with the medical release. Jacob, again, refused to accept the release stating, "At the time I didn't realize you were in the hospital."

31.     Jacob's comments evidence a prejudice and/or bias of Plaintiff's age and/or his disability and/or medical condition.

32.     Defendant failed to make an individual assessment of Plaintiff's abilities and, instead, relied on personal bias and their general understandings and perceptions regarding his

condition.

33.     Plaintiff's age and disability was a substantially motivating reason for Jacob's failure and/or refusal to continue his employment as an active employee.

34.     Jacob's claim that there she had "no place for [plaintiff]" was false and the reasons given for the actions of Defendant are a pretext to discrimination.

35.     All active employees at Interstate, with the exception of Plaintiff, were automatically employed by RAM as active employees at the time of the transfer and purchase by RAM.

36.     December 16, 2019, Plaintiff's complaints asserted his termination was discriminatory. .

37.     Upon information and belief, Defendant replaced Plaintiff's position of mechanic/housekeeping with a substantially younger person and/or one with no record of a disability.

38.     Plaintiff was treated differently than substantially younger, similarly situated employees, and those who had no disability in that they were not terminated and/or refused employment.

39.     Defendant terminated Plaintiff because of Plaintiff's disability and medical condition and/or his age.

40.     Defendant knew or should have known of the unlawful conduct of Jacob and failed and or refused to take appropriate action.

41.     Defendant ratified the unlawful conduct of Jacob.

42.     Defendant's actions were done with malice or reckless indifference to the

federally protected rights of Plaintiff.

43.     In denying Plaintiff employment, Defendant intentionally, willfully, and maliciously discriminated against Plaintiff on the basis of his disability, his record of disability, and/or his perceived disability in complete disregard of his federally protected rights

44.     As a proximate consequence of the actions of Defendant, Plaintiff was caused to suffer damages, including back wages, pain and suffering, and emotional distress.

45.     Plaintiff has been caused to suffer loss of employment, underemployment, and loss of standing and reputation in the community.

46.     As a result of the Defendant's actions, Plaintiff has been caused to suffer distress, anxiety, frustration, and loss of benefits and income.

## COUNT I - Termination in Violation of the ADA

47.     Plaintiff reavers and realleges the foregoing paragraphs as though fully set forth herein.

48.     Plaintiff is a qualified individual with a disability in that he had a physical impairment that substantially limited a major life activity pursuant to 42 U.S.C. Section 12112(a).

49.     The Defendant is a covered entity and an employer pursuant to the Act, 42 U.S.C. Section 12111.

50.     The Plaintiff was able to perform the essential functions of his job either with or without reasonable accommodation.

51.     Defendant questioned Plaintiff's ability to perform the essential functions of his position as a Maintenance/Housekeeping worker based upon perceived judgments and biases

regarding his medical condition and/or disability.

52.    Plaintiff was terminated because of his medical condition and/or disability in violation of the ADA.

53.    Plaintiff's disability was a substantially motivating factor in Defendant's decision to terminate Plaintiff.

54.    In their actions towards Plaintiff as described above, Defendant acted willfully, intentionally and/or with callous or reckless indifference to Plaintiff's rights under the ADA and/or ADEA.

55.    As a result of the Defendant's discriminatory actions, the Plaintiff has suffered extreme harm including, but not limited to, mental anguish, emotional distress, emotional suffering, and lost wages.

56.    Plaintiff has been forced to obtain legal services of the undersigned attorneys to enforce their rights under Title VII and is required to pay their attorney's reasonable attorneys' fees for the services rendered in this cause.

## COUNT II

57.    Plaintiff reavers and realleges the foregoing as if fully set out herein.

58.    Defendant willfully discriminated against the Plaintiff on account of age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), with respect to its decision to discharge Plaintiff from employment.

59.    Plaintiff was over the age of 40 and therefore is a protected person under the Age Discrimination in Employment Act.

60.    Plaintiff was adversely affected by an employment decision of the Defendant.

61.     Plaintiff was qualified for his former position in Maintenance/Housekeeping at the time of his discharge.

62.     Defendant's decision to terminate Plaintiff and/or its decision not to offer Plaintiff an open position at the Company at the time of his discharge was substantially motivated by his age.

63.     Defendant's termination of Plaintiff discriminated against Plaintiff on account of his age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. Section 623(a)(1).

64.     The actions of the Defendant in terminating Plaintiff's employment were willful and//or with reckless indifference to the federally protected rights of the Plaintiff.

65.     Plaintiff avers that Defendant's unlawful and discriminatory termination of his employment and/or Defendant's failure to place him on account of his age violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, justifying an award, *inter alia*, of back pay, front pay, compensatory and liquidated damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will assume jurisdiction of this action and after trial:

A.     Grant Plaintiff a declaratory judgment that the Defendant's actions, policies and practices complained of herein violate the provisions of 29 U.S.C. § 621 *et seq.*, and/or 42 U.S.C. Section 12101, et seq.

B.     Grant Plaintiff an injunction enjoining the Defendants, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from

maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with Plaintiff's rights to equal employment opportunities without discrimination, including an order of reinstatement as provided for under 29 U.S.C. § 621 *et seq.*

C.     Grant Plaintiff an award of back pay in the amount the Plaintiff would have earned from the date of his denial of employment to and including the date of judgment, but for those policies and practices complained herein.

D.     Award compensatory damages against defendants in an amount the jury determines will compensate the Plaintiff for his losses and/or nominal damages as may be appropriate.

E.     Award Plaintiff liquidated damages for Defendant's willful conduct and Plaintiff's mental distress and lost benefits.

F.     Award Plaintiff costs and expenses in prosecuting this action including an award of reasonable attorney's fees.

G.     Retain jurisdiction of this action following judgment for sufficient time to insure that Defendants comply with the law and decree which may be entered herein, and during such time to require Defendants to report such information as is necessary to evaluate their compliance.

H.     Grant Plaintiff such other and further relief as equity and justice requires.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 12th day of January, 2021.

*/s/ Mary E.  Pilcher*
Mary E. Pilcher, Esq.(asb-2436-h58m)
Stein & Pilcher, LLC
151 North Bancroft Street
P.O. Box 602
Fairhope, AL 36533
(251) 210-4557